UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANECA LOUISE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-01381-MTS |
| ) | |
| CHENEGA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. Plaintiff filed this action in the Missouri Circuit Court, the Twenty-Second Judicial Circuit of Missouri, alleging that Defendant violated the Americans with Disabilities Act of 1990 ("ADA"). *See* Doc. [6]; *see also* 42 U.S.C. §§ 12101, *et seq.* Plaintiff's action therefore puts forward a claim arising under federal law. While she was free to file her federal claim in state court, *see Testa v. Katt*, 330 U.S. 386, 394 (1947) (holding that Article VI of the Constitution generally requires state courts to enforce federal law); *see also, e.g.*, *Botto v. Bosley*, 995 S.W.2d 544 (Mo. Ct. App. 1999) (per curiam) (affirming judgment in ADA case), this Court also has original jurisdiction over the action, *see* 28 U.S.C. § 1331 (providing this Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Because Plaintiff could have originally filed this action in this Court, federal law allowed Defendant to remove this action from the Missouri Circuit Court to this Court. 28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"). For that reason, contrary to Plaintiff's Motion for Contempt's claim, Defendant's removal of this action was in no way wrongful.[1] *See Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1055 (8th Cir. 2020) (explaining that removal is "a statutory right" that "gives certain defendants a choice of forum between two courts, each of which already has subject-matter jurisdiction over the type of action").

Given that this action is now properly in this Court, the Court will order Plaintiff to file a First Amended Complaint on the Court-provided form for employment discrimination no later than **Friday**, **November 29, 2024**. *See* E.D. Mo. L.R. 2.06(A) (providing that the Court may order self-represented plaintiffs to file their action on a Court-provided form). The Court will send her a copy of the form. Plaintiff must carefully complete the form and file it along with a copy of all exhibits, like, for example, a Right-to-Sue Letter. In completing the form, Plaintiff is reminded that the representations she makes are subject to Federal Rule of Civil Procedure 11(b), which allows the Court to sanction parties who file claims that are not warranted by existing law or that allege factual contentions that do not have evidentiary support. If Plaintiff fails to timely file a First Amended Complaint on the Court provided form, the Court will dismiss this action without further notice. *See Hutchins v. A.G. Edwards & Sons, Inc.*,

---

[1] In claiming that Defendant wrongfully removed this action, Plaintiff refers to this Court as a court of appeals. Like the Missouri Circuit Court, which is a state trial level court, this Court is a federal trial level court. This Court does not hear appeals from the Missouri Circuit Court. *See Arseneau v. Pudlowski*, 110 F.4th 1114, 1117 (8th Cir. 2024) (explaining that "federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment"). This action remains at the trial court level.

116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday**, **November 29, 2024**, Plaintiff shall file a First Amended Complaint in this matter on the Court's Employment Discrimination Complaint Form (MOED-0035). Defendant shall have the usual time to file its required response.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a blank copy of the Court's Employment Discrimination Complaint Form (MOED-0035) and a blank copy of Notice to Self-Represented Non-Prisoner Parties re: Electronic Noticing (MOED-0061).[2]

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, Doc. [7], is **DENIED** without prejudice as moot in light of the forthcoming First Amended Complaint. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Contempt, Doc. [10], and Motion to Strike, Doc. [11], are **DENIED**.

Dated this 8th day of November 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Additional copies, if needed, can be found on the Court's website: https://www.moed.uscourts.gov/forms