UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANECA LOUISE DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:24-cv-01381-MTS |
| CHENEGA CORPORATION, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Chenega Analytic Business Solutions, LLC's Motion to Dismiss Plaintiff Shaneca Louise Davis's First Amended Complaint for employment discrimination. Doc. [19]. The Court construes Plaintiff's Motion to Strike Defendant's Motion to Dismiss as Plaintiff's opposition to the Motion. *See* Doc. [23]; *see also* E.D. Mo. L.R. 4.01(B).[1] After careful review of Plaintiff's Amended Complaint, Defendant's Motion, and the motions and other papers Plaintiff filed in this matter, the Court finds that Defendant's Motion is well taken. *See Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010) (explaining standard of review on motion to dismiss for failure to state a claim); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (recognizing that a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers").

---

[1] In addition to her Motion to Strike, Plaintiff also filed a second Motion for Contempt, which again raised meritless arguments concerning the removal of this action to this Court. *See* Doc. [10] (plaintiff's first motion for contempt). Quite ironically, the Motion for Contempt discusses that contempt can be appropriate when a party files "frivolous or misleading motions that disrupt the judicial process" or that ignore court orders. It is Plaintiff's second Motion for Contempt that is frivolous, disrupts the judicial process, and ignores the Court's order that explained why Defendant's removal of this action was proper. *See* Doc. [13] (2024 WL 4723111).

The Amended Complaint fails to state a claim under the Americans with Disabilities Act of 1990 (the "ADA"), 104 Stat. 327, 42 U.S.C. § 12101 *et seq.*, for multiple reasons. First, all Plaintiff's claims under the ADA necessarily fail because the Amended Complaint fails to make plausible allegations that she has a disability as defined by the ADA. Plaintiff alleges that she has dyslexia,[2] but this impairment, on its own, does not establish Plaintiff has a *disability* under the ADA. *See Nuzum v. Ozark Auto. Distribs., Inc.*, 432 F.3d 839, 843 (8th Cir. 2005) (to constitute a disability, a plaintiff must show she has an impairment that affects a major life activity and that that effect is a "substantial limitation"); *see also Shively v. City of Martinsville*, 4:09-cv-0010-JLK, 2009 WL 3615014, at *4 n.4 (W.D. Va. Oct. 29, 2009) (noting dyslexia does not automatically qualify as a disability under the ADA for every individual); *Lipscomb v. Techs., Servs., & Info., Inc.*, 8:09-cv-03344-DKC, 2011 WL 691605, at *13 (D. Md. Feb. 18, 2011) (finding plaintiff's complaint failed to show he was disabled under the ADA where he stated he had dyslexia but alleged no facts showing how it substantially restricted any major life activities). Plaintiff's allegations do not show that her condition has a substantial limitation on a major life activity. *See Brundy v. Union Pac. R.R. Co.*, 8:23-cv-0238-BCB, 2023 WL 6621112, at *7 (D. Neb. Oct. 11, 2023) (finding failure to allege substantial limitation under the ADA as amended). Indeed, Plaintiff's Amended Complaint notes that the last time she had anything that could document the condition was prior to starting elementary school.

---

[2] Dyslexia is "[i]mpaired reading ability with a competence level below that expected on the basis of the person's level of intelligence, and in the presence of normal vision, letter recognition, and recognition of the meaning of pictures and objects." *Dyslexia*, Stedman's Medical Dictionary 272890 (2014). *See also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

- 3 -

Next, even assuming Plaintiff's Amended Complaint showed that her dyslexia constituted a disability under the ADA, she has not plausibly established that Defendant failed to accommodate her. Plaintiff complains that Defendant informed her that she needed to submit documentation to show that she has dyslexia and that showed what accommodations she needed. Doc. [17]. Plaintiff never alleges that she provided Defendant this documentation or any recommendations for accommodations. Rather, Plaintiff states that Defendant should have "take[n] [her] word for it." *Id.* *But see Kennedy v. Superior Printing Co.*, 215 F.3d 650, 656 (6th Cir. 2000) (Magill, J., for the Court) ("An employer need not take the employee's word for it that the employee has an illness that may require special accommodation." (internal quotations omitted)); *cf. Lipp v. Cargill Meat Sols. Corp.*, 911 F.3d 537, 546 n.9 (8th Cir. 2018) (requiring medical verification after unplanned leave—consistent with company policy—was "not unreasonable"). In any event, besides failing to allege that she provided any recommendations for accommodations, Plaintiff fails even to identify a single accommodation for her dyslexia that she requested that Defendant failed to provide her. *See Dougherty v. Leidos*, 4:21-cv-01163-MTS, 2023 WL 4864541, at *15 (E.D. Mo. July 31, 2023) (finding no ADA violation where Plaintiff failed to identify a single instance of an accommodation that defendant denied him). Plaintiff's Amended Complaint does not allege a failure to accommodate in violation of the ADA.

Plaintiff's Amended Complaint also fails plausibly to allege that Defendant terminated her "on the basis of" her dyslexia. *See* 42 U.S.C. § 12112(a); *see also Chalfant v. Titan Distrib., Inc.*, 475 F.3d 982, 991 (8th Cir. 2007) (explaining that an "adverse action by itself is not sufficient for a successful claim under the ADA" because "the disability must be

a motivating factor in the employer's decision for the adverse action").[3]  Instead, her Amended Complaint affirmatively pleads that she contravened multiple policies of Defendant.  She notes that she took an unauthorized extended lunch break and wrongfully provided personally identifiable information to others in the course of her work.  Thus, "[a]s between that 'obvious alternative explanation'" for her termination and "the purposeful, invidious discrimination [Plaintiff] asks [the Court] to infer, discrimination is not a plausible conclusion."  *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007)).[4]

Next, Plaintiff's Amended Complaint fails plausibly to allege a hostile work environment.  As noted above, the Amended Complaint does not sufficiently show that Plaintiff is a member of the class of people protected by the ADA.  *See Shaver v. Indep. Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003) (a plaintiff must show she is a member of the class of people protected by the ADA to be entitled to relief).  But even if it did show that she is such a member, her Amended Complaint fails to identify any harassment based on a

---

[3] The ADA's *on the basis of* language is "causal, requiring, at a minimum, that the disability be a motivating factor for the termination, if not a but-for cause of it." *Huber v. Westar Foods, Inc.*, 106 F.4th 725, 748–49 (8th Cir. 2024) (Stras, J., concurring in part and dissenting in part) (cleaned-up), *reh'g granted and opinion vacated*, No. 23-1087, 2024 WL 3892871 (8th Cir. Aug. 21, 2024). Plaintiff's Amended Complaint fails "even under the less restrictive mixed-motive causation standard." *See Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 756–57 n.6 (8th Cir. 2016).  Therefore, the Court sidesteps the "doubts about the vitality" of the motivating-factor test that arose after *Gross FBL Financial Services, Inc.*, 557 U.S. 167 (2009).  *See Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1002 (8th Cir. 2012); *see also Akridge v. Alfa Ins. Cos.*, 93 F.4th 1181, 1192 (11th Cir. 2024) (requiring but-for causation).

[4] Plaintiff's Amended Complaint also fails to show that she was otherwise qualified for the position. She writes in her Amended Complaint that she "was not able to understand fully" what her "job was." Doc. [17].  If she failed to understand what her job even was, she cannot plausibly show that she was able to perform the essential functions of that job.  *See Gardea v. JBS USA, LLC*, 915 F.3d 537, 541 (8th Cir. 2019) (explaining that, under the ADA, a plaintiff must show that she was "able to perform the essential functions of the position, with or without reasonable accommodation" (internal quotations omitted)).

disability.  *Id.*  And it identifies no severe harassment, based on a disability or otherwise, that affected the terms, conditions, or privileges of her employment.  *Id.*; *see also Gordon v. Shafer Contracting Co.*, 469 F.3d 1191, 1194 (8th Cir. 2006) ("A hostile environment exists when 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" (quoting *Palesch v. Mo. Comm'n on Human Rights*, 233 F.3d 560, 566 (8th Cir. 2000))); *Gordon v. DeJoy*, 1:18-cv-02578-MMP, 2023 WL 4762595, at *5 (N.D. Ill. July 25, 2023) (finding "assertions of being watched closely" and having "work scrutinized by her supervisors" could not support a finding by a reasonable jury of a hostile work environment).

For these reasons, the Amended Complaint does not state a claim under the ADA.  In addition, the Court sees no other viable legal theory under the facts pleaded in Plaintiff's Amended Complaint.  *See Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (a plaintiff's claim for relief need not set out a legal theory); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (explaining that even for a pro se plaintiff, the court "will not supply additional facts" nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded")).  For this reason, the Court will dismiss Plaintiff's action with prejudice.  *See Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996) (per curiam) (where claims have no merit, they are subject to dismissal with prejudice).[5]

---

[5] In addition, Defendant properly has raised and shown that Plaintiff did not properly serve it.  *See* Fed. R. Civ. P. 12(b)(4).  Dismissal without prejudice would be appropriate here on this basis alone.  *See Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998).  Given that Plaintiff's action as pleaded fails on the merits, the Court sees no reason to quash service and allow Plaintiff the

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Doc. [19], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Contempt, Doc. [22], is **DENIED**.

An Order of Dismissal will be entered herewith.

Dated this 13th day of December 2024.

                                          MATTHEW T. SCHELP
                                          UNITED STATES DISTRICT JUDGE

---

opportunity to serve Defendant with a complaint that fails to state a claim. *See Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1231 (D. Kan. 2016).